IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZIYAO JIANG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 3:23-cv-287 |
| | ) Judge Stephanie L. Haines |
| LIU YUAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM ORDER

Presently before the Court is a Second Amended Complaint in civil action filed *pro se* by Ziyao Jiang ("Plaintiff") (ECF No. 26). Plaintiff is suing 18 different defendants ("Defendants"), most located in China. Plaintiff, proceeding *in forma pauperis*, filed his Complaint on December 6, 2023 (ECF No. 5). On January 10, 2024, he filed an Amended Complaint (ECF No. 11). After the Court granted him leave to file a Second Amended Complaint (ECF No. 25) he did so on February 29, 2024 (ECF No. 26). Plaintiff's Second Amended Complaint will be dismissed for failure to state a claim upon which relief can be granted.

A. **Standard of Review**

Under 28 U.S.C. §§ 1915(e)(2) Federal District Courts have discretion to dismiss *in forma pauperis* cases that are frivolous or that fail to state a claim on which relief may be granted.[1] *See also Bathily v. GEICO*, No. 24-CV-0769, 2024 WL 897579, at *1 (E.D. Pa. Mar. 1, 2024). The Court may review the Complaint and *sua sponte* dismiss any claims that are frivolous or malicious or fail to state a claim upon which relief may be granted. "[A] complaint…is frivolous where it lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The

---

[1] *See* ECF No. 3, Plaintiff's Motion for Leave to Proceed in forma pauperis. Memorandum Order granting Plaintiff's Motion for Leave to Proceed in formal pauperis (ECF No. 4).

1

screening requirements for plaintiffs proceeding *in forma pauperis* are set out at 28 U.S.C.§ 1915(e)(2): "(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -- (A) the allegation of poverty is untrue; or (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In determining whether the factual assertions are clearly baseless, and the complaint is therefore frivolous, a court need not accept its allegations as true. *See Denton v. Hernandez,* 504 U.S. 25, 33 (1992). The legal standard for dismissing a complaint under these statutes for failure to state a claim is identical to the legal standard used when ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999); *see also D'Agostino v. CECOM RDEC,* 436 Fed. App'x 70, 72-73 (3d Cir. 2011).

In order to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint, including one filed by a *pro se* litigant, must include factual allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 570). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." *Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir. 2008). In determining whether a plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements"; "labels and conclusions"; and "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U.S. at 678-79 (citations omitted). Mere "possibilities" of misconduct are insufficient. *Id.* at

679. Nevertheless, because Plaintiff is proceeding *pro se*, his allegations, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Moreover, under the liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.

**B.     Discussion**

The accusations of the Second Amended Complaint are that Defendants have wrongly accused Plaintiff of a vast number of acts including, but not limited to, fraud, drug dealing, murder, rape, spying, insider trading, bombing a university and public transportation, asking "mother for money", preventing him from going to graduate school, and stealing secrets of a military nuclear submarine (ECF No. 26, pp. 2-5). Under Plaintiff's statement of claim he writes:

> ...[D]efendants stole my ID, got my signature illegally, and keep stealing, robbing, blackmailing what I worked hard for and deserved by creating crimes to me including stalking, harassment, perjury, persecution, repressing, threaten, making fake contracts and soft-jail. Due to something are still under investigation, please contact institutions including Federal Bureau of Investigation (FBI), Central Intelligence Agency (CIA), China Central Commission for Discipline Inspection (CCCDI), and Shanghai Public Safety Bureau for more details and evidences.

(ECF No. 26, p. 6). Plaintiff seeks damages of $201,558,494,844.71 (ECF No. 26, pp. 1, 6-14).

Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted. He cites no federal law and presents no cognizable cause of action. As stated above, Plaintiff provides several pages of facts that recite accusations against him, but the Second Amended Complaint lacks any substantive argument or facts to support the bald-faced assertions against his accusers/Defendants that they are stealing or blackmailing him. In fact, he states that his claims are under investigation and therefore cannot be presented to this Court with any

certainty. Plaintiff's Second Amended Complaint is deficient in both law and fact and the Court finds there is no plausible cause of action. As such the Second Amended Complaint must be dismissed.

Having found that Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted against Defendants, the Court must then determine whether further amendment should be permitted or if it would be futile. *See Hockenberry v. SCI Cambridge Springs/Pennsylvania Dep't of Corr.*, No. 1:18-CV-00325, 2019 WL 2270345, at *3 (W.D. Pa. May 28, 2019) (stating "[t]he U.S. Court of Appeals for Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment unless an amendment would be inequitable or futile"). The Court concludes that further amendment would be futile as to the claims against Defendants. It is unlikely that Plaintiff's claims against Defendants could be supported by any added pleading. Thus, further amendment would be futile and will not be permitted.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 7th day of March, 2024, IT IS ORDERED that Plaintiff's Second Amended Complaint (ECF No. 26) is hereby DISMISSED WITH PREJUDICE. It is FURTHER ORDERED that Plaintiff's Motion for Recusal (ECF Nos. 27, 29) shall be dismissed as moot. The Clerk is directed to mark this case as closed.

*[signature]*
Stephanie L. Haines
United States District Judge